UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DERECK DAVIS,

        Plaintiff,

                                        **COMPLAINT**

v.

CREDIT ACCEPTANCE CORPORATION,    **JURY TRIAL DEMANDED**
and ACTION AUTO OF ALBERT LEA, LLC
        Defendant.
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Dereck Davis (hereinafter "Plaintiff"), is a natural person residing in the County of Freeborn, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Acceptance Corporation (hereinafter "Defendant Credit Acceptance"), is a "debt collector," for the purpose of 15 U.S.C. § 1692f(6)

because it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6). Defendant Credit Acceptance operates from an address of 25505 West Twelve Mile Road, Southfield, MI 48034.

6. Defendant Action Auto of Albert Lea, LLC, (hereinafter "Defendant Action Auto"), is a domestic corporation that regularly transacts business in the state of Minnesota with its headquarters located at 1010 Ramsey Street, Albert Lea, MN 56007. Defendant Action Auto is a "debt collector," for the purpose of 15 U.S.C. § 1692f(6) because it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to November 4, 2020, Plaintiff, allegedly incurred a debt with Defendant Credit Acceptance, account no. 92091481.

8. Upon information and belief, the debt was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically, the debt was an auto loan secured by a 2014 Ford Focus.

9. In or around April 2020, Plaintiff fell behind on payments on the debt.

10. On October 20, Plaintiff paid off the debt in its entirety.

11. On November 1, 2020, Defendants, without providing proper notice, repossessed Plaintiff's vehicle, even though Plaintiff had paid off the debt.

12. In the process of unlawfully repossessing Plaintiff's vehicle, Defendants destroyed Plaintiff's underground electric fence.

13. Because Defendants destroyed Plaintiff's underground electric fence, Plaintiff's dog, a 9-year-old terrier mix named Hope, was able to exit the property. ran into the street and helplessly Plaintiff witnessed through his kitchen window as his dog Hope ran into the bustling street filled with speeding vehicles and was hit by a car. Plaintiff's dog required surgery following the accident to install pins and rods for multiple bone breaks with a surgery that cost $4,700.

14. Defendants have refused to return Plaintiff's vehicle or its contents. Plaintiff needs his car seats for his children, ages 5 and 6, particularly as Plaintiff's oldest son suffers from autism and requires frequent trips to the hospital. Plaintiff was told by Defendant Credit Acceptance that he has no right to the property in Plaintiff's vehicle.

15. By repossessing a vehicle that Plaintiff had paid off, Defendants violated 15 U.S.C. § 1692f(6).

16. Defendants' illegal conduct was intentional and in deliberate disregard for Plaintiff's rights under state and federal law.

## DAMAGES

17. Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

18. Defendants' actions have wrongfully deprived Plaintiff of use of his car and

ability to take his children to the hospital.

19. Defendants' actions destroyed Plaintiff's underground electric fence.

20. Defendants caused Plaintiff to expend time and resources to hire an attorney to defend himself and vindicate his rights.

21. Defendants caused Plaintiff emotional distress, particularly as Plaintiff witnessed his dog get hit by a car and have to endure surgery for a spiral fracture, as well as the daily anxiety knowing that Plaintiff may be unable to take his son to the hospital for his frequent medical needs.

22. As a result of Defendants' actions, Plaintiff had to spend over $4,700 for surgery for his dog.

23. The conduct of Defendants constitutes a violation of the FDCPA, specifically 15 U.S.C. § 1692f(6).

## RESPONDEAT SUPERIOR LIABILITY

24. The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendants.

25. The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

26. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendants.

27. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## STANDING

28. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

29. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### *The "Injury in Fact" Prong*

30. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

31. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendants engaged in unlawful conduct under the FDCPA. Such conduct caused emotional distress and economic damages to Plaintiff.

32. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered emotional distress, economic damages and damages to property.

### *The "Traceable to the Conduct of Defendant" Prong*

33. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

34. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agents at the direction of Defendants.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

35. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

36. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

37. Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

38. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendants on the stated claims.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

42. Specifically, as a result of the Defendants' trespass on private property, and because Defendants have failed to comply with Minnesota common law in not sending a *Cobb* or *Steichen* notice prior to the repossession, and for

repossessing property that had been paid off, Defendants' conduct violated 15 U.S.C. § 1692f(6)(A).

43. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

### VIOLATION OF MINN. STAT. § 336.9-609 - BREACH OF PEACE

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The self-help repossession by Defendants breached the peace when:

    - Defendants repossessed property that had been completely paid off;

    - Defendants failed to comply with Minnesota common law and send a *Cobb* and/or *Steichen* notice prior to the repossession; and

    - Defendants accomplished the repossession by trespassing upon private property.

46. Defendants are liable for damages to the Plaintiff for actual damages for emotional distress and statutory damages provided by Minn. Stat. § 336.9-625.

## COUNT III.

## CONVERSION AND TRESPASS TO CHATTEL

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendants wrongfully assumed control and dominion over Plaintiff's property in a manner inconsistent with and in repudiation of Plaintiff's ownership rights, and permanently deprived Plaintiff of his vehicle when they breached the peace and illegally repossessed his vehicle.

49. Defendants illegally trespassed onto the private and locked property at Plaintiff's residence in order to take possession of Plaintiff's vehicle.

50. Defendants' actions resulted in harm to Plaintiff's underground electric fence and dog.

51. As a result of Defendants' conversion, Plaintiff has suffered the complete loss of his vehicle and other out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- Ordering Defendants to cease collection activities against Plaintiff;

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- an award of actual damages according to Minn. Stat. §336.9-625 for the breach of peace;

- an award of statutory damages of $500.00 for each violation under Minn. Stat. §336.9-625;

- an award of actual damages related to the conversion and trespass to chattel against Defendants; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: _____    By: _____
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
Email: mvavreck@cgmvlaw.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile:  (651) 704-0907
Email: tommycjc@aol.com

ATTORNEYS FOR PLAINTIFF

## DECLARATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Dereck Davis, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Dereck Davis